# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| IMA JEAN SORRELL & WILLIAM SAMUEL SORRELL, JR. | § § § | |
| v. | § § | Civil Action No. 4:18-CV-00354 Judge Mazzant |
| HERRY W. REEVES, Individually & as Trustee F/B/O WILLIAM SAMUEL SORRELL, SR. TRUST, et al. | § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is J. S. "Sandy" Freels, Jr.'s ("Freels") Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) For Failure to State a Claim (Dkt. #16). Having reviewed the motion and the relevant pleadings, the Court finds that the motion should be granted in part and denied in part. Moreover, the Court finds that Plaintiff shall have the opportunity to replead certain claims as detailed below.

## BACKGROUND

Plaintiff Mrs. Ima Jean Sorrell was married to Mr. William Sorrell, Sr. (collectively "the Sorrells"). They had two children: Mr. William Samuel Sorrell, Jr. and Ms. Bonnie Sorrell Gregory. Mr. William Sorrell, Sr. and Mrs. Ima Sorrell accumulated a sizable joint estate worth in excess of $5,000,000 prior to their retirement.

Initially, in 2003, Mr. William Sorrell, Sr. engaged Freels to revise the Sorrells' estate planning documents ("the 2003 Documents"). The 2003 Documents included a will, trust agreement, and power of attorney for the Sorrells, and appointed Mr. William Sorrell, Sr.'s nephew, David Sorrell, as the executor and trustee. Allegedly, Mrs. Ima Sorrell was not consulted

by Freels, had no input into the content of her estate planning documents, or comprehension of the legal consequences of such documents.

In 2014, Mr. William Sorrell, Sr. consulted Freels to re-draft the Sorrells' wills, trusts, and power of attorneys, which resulted in a collection of documents signed on February 7, 2014 ("the 2014 Documents"). In the 2014 Documents, Mr. William Sorrell, Sr. removed David Sorrell as a trustee and appointed Mr. Jerry W. Reeves as the trustee and executor of the wills and trusts, and named Reeves as the power of the attorney. Once again, Mrs. Ima Sorrell was not involved in the discussion of the contents of the 2014 Documents, nor was she asked to provide any input, opinions, or wishes.

Mr. William Sorrell, Sr. passed away on February 20, 2014. Immediately after, Reeves exercised Mrs. Ima Sorrell's power of attorney. Freels provided his "Ima file" to Reeves after the death of Mr. William Sorrell, Sr., without Mrs. Ima Sorrell's consent. Acting in his roles under the 2014 Documents, Reeves transferred all of Mrs. Ima Sorrell's assets, including all her cash, to an entity that is believed to be the Ima Jean Sorrell Trust. Meanwhile, Reeves also began to make cash payments of $1,300 per month to Mrs. Ima Sorrell, which was to be split between Mrs. Ima Sorrell and Mr. William Sorrell, Jr.

Mrs. Ima Sorrell consulted an attorney in August 2016 and revoked the power of attorney on August 16, 2016. Plaintiffs, Mrs. Ima Sorrell and Mr. William Sorrell, Jr., filed suit on May 14, 2018 (Dkt. #1) and filed an amended petition on June 4, 2017 (Dkt. #8). Defendant Freels filed his present motion on June 29, 2018 (Dkt. #16). Plaintiffs filed their response on July 9, 2018 (Dkt. #17). Defendant Freels filed a reply on July 13, 2018 (Dkt. #18). Finally, Plaintiffs filed sur-reply on July 18, 2018 (Dkt. #23).

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "'A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556

U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

Freels seeks dismissal as to both Plaintiff, Mr. William Sorrell, Jr.'s and Plaintiff, Mrs. Ima Sorrell's claims against him. The Court address each Plaintiff separately.

As to Mr. William Sorrell, Jr., Freels argues that he cannot assert a claim as a beneficiary against Freels. According to Freels, he owed no legal duty to Mr. William Sorrell, Jr., as he was not a client. Mr. William Sorrell, Jr. agrees. As such, the Court finds that these claims should be dismissed.

As to Mrs. Ima Sorrell, Freels argues that her professional negligence claim, or legal malpractice claim, should be dismissed based on the applicable statute of limitations. After reviewing the current complaint, and the arguments contained in the briefing, the Court finds that the Mrs. Ima Sorrell has stated plausible claim for overcoming a statute of limitations defense for purposes of defeating a Rule 12(b)(6) motion to dismiss.

Regarding Mrs. Ima Sorrell's remaining claims, Freels argues that she attempts to improperly fracture her malpractice claims into fraud, breach of fiduciary duty, intentional

4

infliction of emotional distress, and conspiracy. Plaintiffs requests the opportunity to allow Mrs. Ima Sorrell to amend her complaint against Freels to add allegations to independently support these causes of action. Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleading once without seeking leave of court or the consent of the adverse party at any time before a responsive pleading is served. FED. R. CIV. P. 15(a). After a responsive pleading is served, "a party may amend only with the opposing party's written consent or the court's leave." *Id.* Rule 15(a) instructs the Court to "freely give leave when justice so requires." *Id.* The rule "evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)). In this case, the Court finds it appropriate to give Plaintiff an opportunity to amend her complaint to state a plausible claim on these causes of action against Freels within 14 days of this Order.

## CONCLUSION

It is therefore ORDERED that J. S. "Sandy" Freels, Jr.'s ("Freels") Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) For Failure to State a Claim (Dkt. #16) is hereby **GRANTED in part and DENIED in part**. The motion is granted as to the claims Mr. William Sorrell, JR. asserted against Freels. The motion is denied as to Mrs. Ima Jean Sorrell's legal malpractice claims against Freels based on the statute of limitations issue and the motion is denied as moot in regards to the Mrs. Ima Jean Sorrell's claims against Freels, aside from her legal malpractice claim. Mrs. Ima Jean Sorrell is hereby permitted to amend her complaint as to these claims within 14 days of this Order.

**SIGNED this 29th day of January, 2019.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE