# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IMA JEAN SORRELL & WILLIAM SAMUEL SORRELL, JR. | § § § | |
| v. | § § | Civil Action No. 4:18-CV-00354 Judge Mazzant |
| JERRY W. REEVES, Individually & as Trustee F/B/O WILLIAM SAMUEL SORRELL, SR. TRUST, et al. | § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Ima Jean Sorrell's Motion to Compel Discovery from Jerry Reeves, Mary Lou Reeves, Brandon Reeves, & BWR Construction, LLC (Dkt. #113).[1] Having reviewed the motion and the relevant pleadings, the Court finds that the motion to compel should be granted.

## BACKGROUND

Plaintiff Mrs. Ima Jean Sorrell was married to Mr. William Sorrell, Sr. (collectively "the Sorrells"). They had two children: Plaintiff, Mr. William Samuel Sorrell, Jr. and Ms. Bonnie Sorrell Gregory. The Sorrells accumulated a sizable joint estate worth in excess of $5,000,000 prior to their retirement.

In 2014, William Sorrell, Sr. consulted the Sorrells' attorney Defendant J.S. "Sandy" Freels to create a second draft of the Sorrells' estate planning documents, which included the Sorrells' wills, trusts, and power of attorneys, specifically creating the Ima Jean Sorrell Trust and William Samuel Sorrell, Sr. Trust ("Sorrell Trusts") at issue in this motion. The Sorrell Trusts appointed Defendant, Jerry W. Reeves as the trustee of the Sorrell Trusts and named Jerry Reeves' wife,

---

[1] The title of the Motion indicates that this is simply Ima Jean Sorrell's motion, but the introduction of the motion indicates that both Plaintiffs, Ima Jean Sorrell and William Samuel Sorrell, Jr., filed the motion.

Mary Lou Reeves, and their son, Brandon W. Reeves (collectively "the Reeves Defendants") as successor trustees of the Sorrell Trusts. The estate planning documents also list the Reeves Defendants as the beneficiaries of the residual estate after the death of Ima Jean Sorrell and William Sorrell, Jr. (collectively "Plaintiffs"). Plaintiffs did not know Jerry Reeves or the Reeves Defendants.

William Sorrell, Sr. passed away on February 20, 2014. Immediately after, Jerry Reeves exercised Ima Jean Sorrell's power of attorney. Acting in his roles under the Sorrells' relevant estate planning documents, Jerry Reeves transferred all of Ima Jean Sorrell's assets, including all her cash, to an entity that is believed to be the Sorrell Trusts. Meanwhile, Jerry Reeves also began to make cash payments of $1,300 per month to Plaintiffs. After the filing of the present suit, Jerry Reeves resigned as trustee and Brandon Reeves is now the acting trustee.

Plaintiffs filed suit on May 14, 2018 (Dkt. #1). As part of the litigation and discovery process, Plainitff Ima Jean Sorrell served interrogatories and requests for production. The requested interrogatories, at issue, are as follows:

**INTERROGATORIES**

    1.    Please identify each financial transaction between you and the Sorrell Trusts in excess of $500, specifying the date, the purpose/description of the transaction, the amount of the transaction and whether the transaction was made by cash or check.

. . . .

    2.    Please identify each financial transaction between you and Mary Lou Reeves from February 20, 2014 until the present in excess of $500, specifying the date, the purpose/description of the transaction, the amount of the transaction and whether the transaction was made by cash or check.

. . . .

    3.    Please identify each financial transaction between you and Brandon Reeves from February 20, 2014 until the present in excess of $500, specifying the date, the

purpose/description of the transaction, the amount of the transaction and whether the transaction was made by cash or check.

. . . .

4. Please identify each financial transaction between you and Mindi Jo Reeves from February 20, 2014 until the present in excess of $500, specifying the date, the purpose/description of the transaction, the amount of the transaction and whether the transaction was made by cash or check.

. . . .

5. Please identify each financial transaction between you and Stacy Kimuyu from February 20, 2014 until the present in excess of $500, specifying the date, the purpose/description of the transaction, the amount of the transaction and whether the transaction was made by cash or check.

. . . .

6. Please identify each financial transaction between you and Nicole Reeves from February 20, 2014 until the present in excess of $500, specifying the date, the purpose/description of the transaction, the amount of the transaction and whether the transaction was made by cash or check.

. . . .

7. If you have cash in your possession, control or custody in excess of $1,500, state the dollar amount, the source of the cash, and the physical location of the cash.

. . . .

8. If you have any precious metals (such as diamonds, gold, silver, etc.) with a fair market value in excess of $2,500 in your possession, control or custody, state the date the precious metals were acquired, the cost of the precious metals, the estimated fair market value of the precious metals, the source of the funds used to purchase the precious metals, and the physical location of the precious metals.

. . . .

9. If you have made loans or gifts to Mary Lou Reeves, Brandon Reeves, Mindi Jo Reeves, Stacy Reeves Kimuyu or Nicole Reeves, state the date of the gift or loan, the person to whom the gift or loan was made to, the amount of the gift or loan, and the source of the funds used to make the gift or loan.

(Dkt. #113, Exhibit 24 at pp. 2–5). The Reeves Defendants filed a response to each interrogatory that was the same or substantially similar. The response is as follows:

> Objection: The interrogatory seeks the irrelevant. It is not limited to transactions in any way related to the trusts or the issues in this case. It seeks information unrelated to a claim or defense of any party in the case. It is a clear example of discovery abuse and a waste of litigation time and resources. An accounting was provided in this case that reports trust transactions. The interrogatory was not tailored to relevant matters and was phrased to be harassing and overly broad. The only relevant issue is the expenditure of trust funds and if the expenditure was for a proper trust purpose. There is no justification for an inquiry into the universe of transactions between the Defendants in this case. To the extent that the Plaintiffs are entitled to any information regarding trust transactions, they are referred to the accounting. No response is provided.

(Dkt. #113, Exhibit 24 at pp. 2–5). Further, Ima Jean Sorrell served a request for production that accompanied the interrogatories. The request for production and response to that request are as follows:

**REQUEST FOR PRODUCTION**

> 1. As to any response to Interrogatory #1 through #9, produce all documents relating to or concerning each financial transaction. These documents would include, but not be limited to, promissory notes, checks, deposit slips, safe deposit records, and invoices for purchases.
>
> Objection: The request seeks the irrelevant. It is not limited to transactions in any way related to the trusts or the issues in this case. It seeks information unrelated to a claim or defense of any party in the case. It is a clear example of discovery abuse and a waste of litigation time and resources. An accounting was provided in this case that reports trust transactions. The request was not tailored to relevant matters and was phrased to be harassing and overly broad. The only relevant issue is the expenditure of trust funds and if the expenditure was for a proper trust purpose. There is no justification for an inquiry into the universe of transactions between the Defendants in this case. To the extent that the Plaintiffs are entitled to any information regarding trust transactions, they are referred to the accounting. No documents are provided since there is no response to interrogatories 1-9.

(Dkt. #113, Exhibit 24 at pp. 2–5). Based on these responses, on March 6, 2019, Plaintiff filed the present motion to compel (Dkt. #113). On March 20, 2019, the Reeves Defendants filed a response

4

(Dkt. #121). Plaintiffs filed their reply on March 21, 2019 (Dkt. #123) and the Reeves Defendants filed their sur-reply on March 27, 2019 (Dkt. #125).

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery regarding any non[-]privileged matter that is relevant to any party's claim or defense . . . ." FED. R. CIV. P. 26(b)(1). Relevance, for the purposes of Rule 26(b)(1), is when the request is reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1); *Crosby v. La. Health & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). The Court's scheduling order requires that the parties produce, as part of their initial disclosure, "documents containing, information 'relevant to the claim or defense of any party.'" (Dkt. #48 at p. 3). Moreover, the Local Rules of the Eastern District of Texas provide further guidance suggesting that information is "relevant to any party's claim or defense [if]: (1) it includes information that would not support the disclosing parties' contentions; . . . (4) it is information that deserves to be considered in the preparation, evaluation or trial of a claim or defense. . . ." LOCAL RULE CV-26(d). It is well established that "control of discovery is committed to the sound discretion of the trial court." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987)).

Rule 37 of the Federal Rules of Civil Procedure allows a discovering party, on notice to other parties and all affected persons, to "move for an order compelling disclosure or discovery." FED. R. CIV. P. 37(a)(1). The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence. *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006). Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden

shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted. *Id.*

Federal Rule of Civil Procedure 34 governs requests for production of documents, electronically stored information, and tangible things. Rule 34 requires responses to "either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). "An objection [to the entire request] must state whether any responsive materials are being withheld on the basis of that objection." FED. R. CIV. P. 34(b)(2)(C). On the other hand, "[a]n objection to part of a request must specify the part and permit inspection of the rest." FED. R. CIV. P. 34(b)(2)(C).

After responding to each request with specificity, the responding attorney must sign their request, response, or objection certifying that the response is complete and correct to the best of the attorney's knowledge and that any objection is consistent with the rules and warranted by existing law or a non-frivolous argument for changing the law. FED. R. CIV. P. 26(g). This rule "simply requires that the attorney make a reasonable inquiry into the factual basis of his response, request, or objection." FED. R. CIV. P. 26(g) advisory committee note (1983).

The federal rules follow a proportionality standard for discovery. FED. R. CIV. P. 26(b)(1). Under this requirement, the burden falls on both parties and the court to consider the proportionality of all discovery in resolving discovery disputes. FED. R. CIV. P. 26(b)(1), advisory committee note (2015). This rule relies on the fact that each party has a unique understanding of the proportionality to bear on the particular issue. *Id.* For example, a party requesting discovery may have little information about the burden or expense of responding. *Id.* "The party claiming undue burden or expense ordinarily has far better information—perhaps the only information—with respect to that part of the determination." *Id.*

## ANALYSIS

Plaintiffs filed the current motion asking the Court to compel the Reeves Defendants to answer the interrogatories[2] and produce all documents requested. In summary, Plaintiffs ask the Reeves Defendants to identify cash transactions between the Reeves Defendants and the Sorrell Trusts over $500, financial transactions or loans between the Reeves Defendants and themselves and the two daughters of Jerry Reeves and Mary Lou Reeves (collectively "the Reeves Family") in excess of $1,000 from February 20, 2014 until the present, cash in excess of $1,500 in Jerry Reeves' possession, control, or custody, precious metals in excess of $2,500, in Jerry Reeves' possession, control, or custody, and then to produce any documents pertaining to these transactions. The Reeves Defendants contend that this information is irrelevant, not proportional to the needs of the case, and goes against a previous Court determination.

The Court first encountered a request to compel Jerry Reeves' personal bank statements in a telephone conference in October 2018. After hearing argument, the Court ordered the Reeves Defendants to produce Jerry Reeves' personal bank information but permitted redactions to be made for items that were unrelated to the Sorrell Trusts. Plaintiffs argued that they believed the statements would be produced over-redacted and would not show all the information that was necessary. At the time, the Court allowed the redactions, but stated that Plaintiffs could raise the issue regarding over-redactions once Plaintiffs received the statements and determined it was necessary.

After receiving the statements, Plaintiffs determined that they were heavily-redacted and possibly not even the bank statements of Jerry Reeves, but of Mary Lou Reeves. Plaintiffs maintain that it is appropriate to order the production of unredacted documents reflecting the

---

[2] Plaintiff Ima Jean Sorrell has already reached her limit on the number of interrogatories she is permitted to send; however, she requests leave to extend that amount. The Court finds good cause to grant that request.

transactions mentioned above. According to Plaintiffs, the facts of this case warrant the discovery sought. Plaintiffs allege that the Reeves Defendants have engaged in impermissible cash and personal transactions with trust funds. Plaintiffs maintain that there is evidence to demonstrate that Jerry Reeves placed trust receipts converted into cash, checks made out to Ima Jean Sorrell, cash resulting from the sale of trust property, and loan repayments with alleged interest[3] in his personal bank account or in a personal safe deposit box—and then transferred to Brandon Reeves' personal safe deposit box when he took over as trustee. Plaintiffs assert that, not only, was money placed into Jerry Reeves personal checking account, but also Mary Lou Reeves personal account, who never acted as trustee. Plaintiffs also maintain that certain transactions are missing from the financial records available in the case and even the ones that are now available were initially concealed from Plaintiffs until this lawsuit was filed and the transactions were required to be disclosed. Plaintiffs maintain that the active concealment and failure to disclose demonstrates an intent to maintain ownership of the trust property and calls into question whether there are other transactions that remain to be discovered.

The Reeves Defendants argue that the facts as set out by Plaintiffs are mischaracterized, exaggerated, and that the Sorrell Trusts permit all their transactions and dealings. The Reeves Defendants assert that the requests are not reasonably tailored to any relevant information in this lawsuit and anything that is relevant to the lawsuit has been produced. According to the Reeves Defendants, the only relevant transactions are those between the Sorrell Trusts and the Reeves Defendants. Further, the Reeves Defendants claim that the requests are clearly not proportional to

---

[3] As trustee, Jerry Reeves loaned money to Brandon Reeves' wholly owned company, BWR Construction, LLC. Brandon testified in his deposition that he paid the money back, and Plaintiffs allege that money he repaid was put into Jerry Reeves personal accounts. Moreover, Brandon Reeves testified that he paid interest on the loan; however, according to Plaintiffs, there is no evidence to support any interest being paid except the Reeves Defendants' testimony that he paid interest in cash to a personal safe deposit box, that he now controls as the trustee.

any possible relevance of determining improper transactions between the Sorrell Trusts and the Reeves Defendants.

Plaintiffs counter that the Reeves Defendants made their personal finances relevant by commingling trust fund accounts with personal accounts, even if permitted by the Sorrell Trusts.[4] Plaintiffs argue that the relevant transactions are not solely between the Sorrell Trusts and the Reeves Defendants, giving an example of selling trust cattle to a third party and keeping the proceeds or one Reeves Defendant giving cash to another Reeves Defendant based on loans or sales from the trust —these would be transactions between the Reeves Defendants and a third party or another Reeves Defendant but still relevant to the Sorrell Trusts and this litigation. Plaintiffs aver that this is proportional because there is approximately $300,000 that is unaccounted for, the Reeves Defendants should have easy access to their banking records, and Plaintiffs only get a $1,300 monthly distribution. As such, this is the least burdensome means to obtain relevant information and the best way to attempt to find the money missing form the Sorrell Trusts.

The Court agrees with Plaintiffs. At issue in this case are the actions of the Reeves Defendants serving in their roles as trustees, or in proximity to the trustee. Personal dealings and cash transactions are all relevant to the dispute of whether Jerry Reeves and Brandon Reeves carried out their duties in a permissible way, and by placing trust property into personal accounts, this makes personal financial information relevant in the case. Transactions outside of those simply between the Reeves Defendants and the trusts are also relevant, at least to discover. The Court does not hold that these will be admissible at trial, but it should at least be discoverable. As

---

[4] Plaintiffs also reference the fact that the Reeves Defendants object to an inspection of the safe deposit box; however, because this is not a request before the Court, the Court does not address this argument.

such, the Court compels the Reeves Defendants to answer the interrogatories and produce the documents responsive to the interrogatories, to the extent they have not already done so.[5]

## CONCLUSION

It is therefore **ORDERED** Ima Jean Sorrell's Motion to Compel Discovery from Jerry Reeves, Mary Lou Reeves, Brandon Reeves, & BWR Construction, LLC (Dkt. #113) is hereby **GRANTED**. As such, Defendants shall respond to the discovery requests within 10 days of this Order.

**SIGNED this 21st day of October, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[5] Because this is personal information, the Court does not foreclose the possibility of the parties conferring to reach an agreement for a protective order or for the Reeves Defendants seeking a protective order to protect the privacy of the Reeves Defendants information.